IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JON CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:18-cv-02726 |
| | § | |
| TEXAS DEPARTMENT OF FAMILY AND | § | |
| PROTECTIVE SERVICES, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jon Chapman ("Plaintiff" or "Mr. Chapman") files this Original Complaint against the Texas Department of Family and Protective Services ("Defendant" or "DFPS").

## SUMMARY

1.      Until January 2018, Mr. Chapman served as a Program Administrator in the Special Investigations Division of DFPS.

2.      On or about December 1, 2017, a letter full of false and defamatory statements was addressed to Governor Greg Abbott and Commissioner Hank Whitman, titled "Formal Investigation Needed into DFPS SIPA JON CHAPMAN."  The letter was sent to employees in the Special Investigations Division.

3.      An underwhelming and incomplete investigation was conducted by DFPS into the contents of the December 2017 letter.  Mr. Chapman was not interviewed as part of the investigation.

4.      In January 2018, as a result of the defamatory letter and subsequent investigation, as well as inquiries from Governor Greg Abbot's office, a decision was made by DFPS Commissioner Hank Whitman to demote Mr. Chapman to Special Investigator.  The demotion has

caused Mr. Chapman to suffer a loss of prestige, pay, and possibilities for advancement both inside and outside of DFPS.

5.      Mr. Chapman was discriminated against on the basis of his race (white) and gender (male) when he was demoted to Special Investigator.

6.      Mr. Chapman was demoted in violation of Title VII of the Civil Rights Act of 1964.

## THE PARTIES AND JURISDICTION

7.      Plaintiff Jon Chapman is a natural person residing within the confines of the Southern District of Texas, Houston Division.  Mr. Chapman has standing to file this lawsuit.

8.      Defendant Texas Department of Family and Protective Services is a taxpayer-supported state agency operating within the confines of the Southern District of Texas, Houston Division.

9.      Defendant may be served with this Complaint through the Attorney General of Texas, Ken Paxton at P.O. Box 12017, Austin, TX 78711, or through its counsel.

10.     The Court has personal jurisdiction over Defendant based on general jurisdiction.

11.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction under Title VII of the Civil Rights Act.

12.     Venue is appropriate in the Southern District of Texas, Houston Division, because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

## FACTUAL BACKGROUND

13.     Until recently, Mr. Chapman worked as a Program Administrator in the Special Investigations Division of the Texas Department of Family and Protective Services (DFPS).  In 2017, Mr. Chapman played a pivotal role in an effort to blow the whistle on, and put a stop to, widespread overtime pay fraud and abuse by DFPS employees in the Special Investigations

Division.  This upset several DFPS employees who were no longer able to over-inflate their overtime hours for extra pay.

14.    On or about December 1, 2017, an individual believed to be Christine Swan, an employee of DFPS, addressed a letter to Governor Greg Abbott and Commissioner Hank Whitman titled "Formal Investigation Needed into DFPS SIPA JON CHAPMAN."  The letter was sent to employees in the Special Investigations Division.  The letter contained numerous false and defamatory statements, including accusing Mr. Chapman of sexual harassment and racism.

15.    An underwhelming and incomplete investigation was conducted by DFPS into the contents of the December 1, 2017 letter.  Mr. Chapman was not interviewed as part of the investigation.

16.    In January 2018, as a result of the defamatory letter and subsequent investigation, as well as inquiries from Governor Greg Abbot's office, a decision was made by DFPS Commissioner Hank Whitman to demote Mr. Chapman to Special Investigator.  The demotion has caused Mr. Chapman to suffer a loss of prestige, pay, and possibilities for advancement both inside and outside of DFPS.

17.    The current climate of holding men accountable when it comes to workplace sexual harassment influenced Mr. Chapman's discipline instead of the actual facts of the matter.  In addition, during Mr. Chapman's tenure at DFPS, people have questioned why he became a Program Administrator in Region 6, considering he is White and not Black.  Mr. Chapman's race and gender also factored into the underwhelming and incomplete investigation that he was the target of.

18.    Notably, Mr. Chapman was treated differently than female DFPS employees, including Christine Swan, and Black employees, including Larry Young and Patrick Brice.

19.     Christine Swan falsified her time records, claiming unearned overtime hours, and made false and defamatory statements about Mr. Chapman.  She was not disciplined.

20.     Larry Young falsified his time records and knowingly perpetuated and repeated false and defamatory statements about Mr. Chapman.  He was not disciplined for these actions.

21.     Patrick Brice failed to act regarding a fatality in a case he was managing, was untruthful, and failed to follow the directives of supervisors.  He also approved overtime hours in contradiction to policy.  Mr. Brice was only given a warning letter and was not disciplined further.

22.     Mr. Chapman was replaced in his position by someone outside of his protected group and was treated objectively worse than similarly situated employees.

23.     Mr. Chapman was discriminated against on the basis of his race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq*.

24.     Mr. Chapman now brings this lawsuit to attempt to clear his name and reputation and to obtain redress for his legal grievances.

## TITLE VII CLAIMS OF RACE AND SEX DISCRIMINATION

**A.     Legal Standards**

25.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

26.     Title VII of the Civil Rights Act of 1964 prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

27.     Discrimination can be established through direct or circumstantial evidence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

28.     Where the plaintiff has not presented direct summary judgment evidence of discrimination, courts apply the burden-shifting framework in *McDonnell Douglas Corp. v. Green*,

411 U.S. 792 (1973).  Under the framework, to establish a *prima facie* case of race discrimination in a demotion case, a plaintiff must show that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Willis v. Cleco Corp.*, 749 F.3d 314, 319-20 (5th Cir. 2014) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)).

29.     A demotion is an adverse employment action.  The Fifth Circuit has held that "a transfer or reassignment can be the equivalent of a demotion [which is a significant change in employment status], and thus constitute an adverse employment action." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Alvarado v. Tex. Rangers*, 492 F.3d 605, 613 (5th Cir. 2007)) (brackets in original).  "To be the equivalent of a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement." *Id.*

30.     After the plaintiff establishes a *prima facie* case, the burden shifts to the employer to show a legitimate, non-retaliatory reason for the adverse employment action. *Black*, 646 F.3d at 259; *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

31.     The burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Black*, 646 F.3d at 259 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)) (alteration in original).

32.     All conditions precedent to this suit have been fulfilled.

**B.     Analysis**

33.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

34.     Mr. Chapman was part of a protected group, was qualified for the job he held, suffered an adverse employment action by being demoted, and was replaced in his position by a member outside of his protected group and/or was treated objectively worse than similarly situated employees.  *See supra.*

**C.     Damages**

35.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

36.     Plaintiffs who prevail in a Title VII discrimination claim are entitled to back pay. The purpose of back pay is to "make whole the injured party by placing that individual in the position he or she would have been in but for the discrimination." *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1136 (5th Cir. 1988).

37.     Prevailing plaintiffs are also entitled to reinstatement as an equitable remedy.  *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 1992).  If reinstatement is not feasible, front pay will be awarded in a manner consistent with the remedial purposes of the law.  *See Brunnemann v. Terra Int'l Inc.*, 975 F.2d 175, 180 (5th Cir. 1992).  Unlike back pay, front pay refers to future lost earnings.  Front pay awards can be substantial.  *See, e.g.*, *Jackson v. Host Intern., Inc.*, Nos. 09–51137, 10–50026, 2011 WL 2119644, at *8-9 (5th Cir. Feb. 1, 2011) (Fifth Circuit decision affirming five-year front-pay award in a discrimination case); *Mota v. University of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 527 (5th Cir. 2001) (affirming front-pay award of approximately ten years).

38.     Prevailing plaintiffs are entitled to compensatory and punitive damages under Title VII.  *See* 42 U.S.C. § 1981A(a)(1).  Mr. Chapman is entitled to both.

39.     Prevailing plaintiffs are also entitled to attorneys' fees and costs and Mr. Chapman seeks to recoup these amounts.

## JURY DEMAND

40.     Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that he be awarded a judgment against Defendant for the following:

a.     Actual damages in the amount of lost back pay, lost benefits, and other economic losses;

b.     Reinstatement or front pay;

c.     Compensatory damages;

d.     Punitive damages;

e.     Prejudgment and post-judgment interest;

f.     Court costs;

g.     Attorney's fees; and

h.     All other relief to which Plaintiff is justly entitled.

Respectfully submitted,


 /s/ Ahad Khan
Ahad Khan
Texas Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF
JON CHAPMAN